UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 25-40157 |
| | ) | Chapter 7 |
| JULIE LYNN ROE | ) | |
| SSN/ITIN xxx-xx-0942 | ) | DECISION RE:  TRUSTEE'S |
| | ) | MOTION FOR TURNOVER |
| Debtor. | ) | |

The matter before the Court is Chapter 7 Trustee Robert L. Meadors' Motion for Turnover and Debtor's response. The Court has jurisdiction over this proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052. For the reasons discussed below, the Court will grant the Trustee's motion.

**FACTS**

The facts are undisputed. Debtor Julie Lynn Roe ("Debtor") filed for bankruptcy on June 13, 2025. Debtor stated on her Schedule A/B she did not have any family support payments and did not exempt any alimony on her Schedule C. However, Debtor reported $2,400.00 per month as income from alimony on her Schedule I.

A Judgment and Decree of Divorce ("Divorce Judgment") was entered December 5, 2024, in the state court action captioned <u>Jeffrey Brian Roe v. Julie Lynn Roe</u>, Circuit Court, Codington County, South Dakota, 14DIV21-000050. The Divorce Judgment incorporated by reference the terms and conditions of a Property Settlement Agreement dated December 4, 2023, which was filed in the divorce action on December 5, 2023 ("Agreement"). The relevant part of the Agreement included the following:

> Jeffrey shall pay to Julie lump sum spousal support in the amount of $274,000.00 payable as follows: $2,400.00 per month for 48 months. $1,500.00 per month for 105 months.  $1,300.00 per month for 1

1

month. Lump sum spousal support is non-modifiable for any reason including but not limited to death or remarriage. Spousal support payments are due on the 1st day of each month beginning January 1, 2024.

(the "Alimony Award"). Debtor has received some Alimony Award payments.

There are two issues before the Court. The first issue is whether Debtor's interest in the Alimony Award is property of the estate. The second issue is whether the Alimony Award is subject to administration by the Trustee.

## DISCUSSION

### I. Burden of proof

The burden of proof in a turnover proceeding is on the trustee. Evans v. Robbins, 897 F.2d 966, 968 (8th Cir. 1990); DeBold v. Case (In re Tri-River Trading, LLC), 329 B.R. 252, 263-64 (B.A.P. 8th Cir. 2005), *aff'd* 452 F.3d 756 (8th Cir. 2006). To establish a prima facie case, "the trustee must demonstrate by clear and convincing evidence that the assets in question are part of the bankrupt's estate." Id. (citation omitted). Once the trustee has established a prima facie case for the turnover, the burden of explaining or showing the asset is excluded from the estate shifts to the debtor. Id.

### II. Alimony is property of the estate

The first issue is whether Debtor's interest in the Alimony Award, pursuant to a prepetition Divorce Judgment, is property of the estate. The Trustee argues the Alimony Award is property of the estate based on existing case law regarding alimony in South Dakota and prior decisions by this Court. Debtor argues the Alimony Award should not be considered property of the estate because it involves future, contingent installments and because South Dakota law treats alimony as a personal, non-transferable, and non-assignable support obligation that typically ends upon death, remarriage, or modification.

The bankruptcy estate includes "all legal or equitable interests of the debtor in

2

property as of the commencement of the case." 11 U.S.C. §541(a)(1).[1] The debtor's interest in the property is determined by state law. Mehlhaff v. Allred (In re Mehlhaff), 491 B.R. 898, 900 (B.A.P. 8th Cir. 2013) (citing Butner v. United States, 440 U.S. 48, 54 (1979)). Once the interest is determined by state law, then federal bankruptcy law determines the extent to which that interest is property of the estate. In re Mehlhaff, 491 B.R. at 900.

Certain types of property are expressly excluded from the bankruptcy estate under 11 U.S.C. §541. In re Mehlhaff, 491 B.R. at 900-01 (citation omitted). Subsections 541(b), (c)(2), and (d) each address exceptions to section 541(a)(1). Id. at 901 (citation omitted). Property excluded from the bankruptcy estate includes "powers that the debtor may exercise solely for the benefit of another, interests as a lessee under certain types of leases, and some types of accounts for retirement or education purposes." Id. Also, property subject to transfer restrictions under enforceable nonbankruptcy law, like spendthrift trusts and social security benefits, are expressly excluded from the bankruptcy estate. Id. (citing In re Steen, 2012 WL 1252668 at *2 (Bankr. D.S.D. Apr. 13, 2012); 11 U.S.C. §541(c)(2); Patterson v. Shumate, 504 U.S. 753, 756-65 (1992) (spendthrift trust); Wear v. Green (In re Green), 967 F.2d 1216, 1217 (8th Cir. 1992) (spendthrift trust); Carpenter v. Ries (In re Carpenter), 614 F.3d 930, 936-37 (8th Cir. 2010) (social security benefits)). Alimony is not listed as one of the exclusions under Section 541.

Debtor's interest created by the divorce decree became property of the bankruptcy estate upon Debtor filing her bankruptcy petition. In re Steen, 2012 WL 1252668 at *3; Cf. Ellis v. Ellis (In re Ellis), 72 F.3d 628, 633 (8th Cir. 1995). This Court has specifically determined alimony can be property of the estate. See In re McGee, 2015 WL 5829864 (Bankr. D.S.D. Oct. 6, 2015) (the pre-petition alimony award was property of the bankruptcy estate to the extent of the unpaid portion as

---

[1] Debtor's court ordered interest in the alimony payments arose pre-petition so 11 U.S.C. §541(a)(5)(B) does not apply.

3

of the petition date); In re Mehlhaff, 491 B.R. at 901 (stream of alimony payments and the right debtor had on the date of filing to receive alimony payments are property of the estate and subject to turnover); and In re Steen, 2012 WL 1252668 at *3 (unpaid alimony award on date of filing was property of the estate).  Two of these decisions were issued prior to the enactment of the state alimony exemption statute under S.D.C.L. §43-45-2(9), but McGee was decided after its enactment.

Debtor argues the alimony payments are not property of the estate because they are "future, undue alimony installments."  However, Debtor's argument fails because contingent interests in future payments are not excluded from the bankruptcy estate. Wetzel v. Regions Bank, 649 F.3d 831, 835 (8th Cir. 2011) (citing Law v. Stover (In re Law), 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006)).

Debtor further argues the Court's previous holdings in Mehlhaff and Steen are limited to vested, accrued payments overdue on the petition date and do not extend to future payments. In re Mehlhaff, 491 B.R. 898; In re Steen, 2012 WL 1252668 at *3.  Debtor has misstated these holdings and has also failed to address the most recent holding by the Court in McGee regarding alimony. In re McGee, 2015 WL 5829864.

Debtor's "vesting" argument also fails because the right to alimony vests when the judgment awarding it is entered, not when the money is actually received. In re Mehlhaff, 491 B.R. at 902.  The scope of section 541(a) is broad enough to include property of all descriptions, tangible and intangible, as well as causes of action. Id. (citing Ramsay v. Dowden (In re Cent. Ark. Broad Co.), 68 F.3d 213, 214 (8th Cir. 1995) (internal citation omitted)).  When a debtor receives a prepetition judgment against another party, the bankruptcy estate consists of all rights that existed under that judgment. In re Mehlhaff, 491 B.R. at 902 (citation omitted).  When a bankruptcy petition is filed, the trustee steps into the shoes of the debtor, taking whatever interests the debtor had as of the date of the petition. Id.; Stumpf v. Albracht, 982 F.2d 275, 277 (8th Cir. 1992).

4

Debtor fails to cite any case law in South Dakota holding the right to alimony is not property of the estate, and the Court is not persuaded by Debtor's argument that alimony should not be turned over because it is a personal, non-transferable, and non-assignable right of Debtor. The Supreme Court of South Dakota has held "a person's right to receive alimony payments is a right which can be subject to attachment of an attorney's lien." In re Mehlhaff, 491 B.R. at 902 (citing Jasper v. Smith, 540 N.W.2d 399 (S.D. 1995)). The Supreme Court of South Dakota has held attorney's liens can attach to alimony payments, which does not violate the public policy of this state. Jasper v. Smith, 540 N.W.2d at 403-04 (footnote omitted). If alimony is the kind of property right to which a lien can attach, then it is the kind of property right that becomes part of the bankruptcy estate. In re Mehlhaff, 491 B.R. at 903. Even if the alimony award is modifiable, that only affects the amount of alimony the estate might receive, not the estate's right to receive it. Id. (citations omitted). Therefore, a pre-petition alimony award is property of the estate.

Property a debtor exempts can be removed from the bankruptcy estate by applicable state or federal exemption laws. 11 U.S.C. §522(b) and (c). South Dakota is an opt-out state, meaning debtors are limited to the exemptions provided by South Dakota law. In re Mehlhaff, 491 B.R. at 901. Under South Dakota law an alimony award may be absolutely exempt from all process, levy, or sale, except as otherwise provided by law, if it is:

> Any court ordered domestic support award of alimony, maintenance, or support of the debtor which is not a gross or lump sum and does not exceed seven hundred fifty dollars per month.

S.D.C.L. §43-45-2(9) (2025).

The first requirement for the Alimony Award to be exempt under S.D.C.L. §43-45-2(9) is met as the Stipulated Facts and the parties describe it as such, and neither party argues it is not a "court ordered domestic support award of alimony…of the

5

debtor." The second requirement is conjunctive and requires that the alimony award is not a gross or lump sum and does not exceed $750.00 per month.

When determining the type of alimony, courts look toward the nature of the award instead of the label placed on it. Vandyke v. Choi, 888 N.W.2d 557, 563-64 (S.D. 2016). Generally, permanent alimony consists of continuous payments until the death of either party, the remarriage of the recipient, or there is no longer a need for continuing support. Id. at 564. (citation omitted). Conditions like remarriage, death, or employment are typical with permanent alimony. Id. (citation omitted). In South Dakota, permanent alimony may be for a shorter period of time, meaning permanent alimony does not need to continue for the recipient's entire lifetime. Id. In contrast, lump-sum awards are "final adjustment[s] of mutual rights and obligations as to be capable of a present vesting and . . . absolute judgment." Id. (citing Oman v. Oman, 702 N.W.2d 11, 15 (S.D. 2005)) (internal citation omitted). Once the lump-sum award has vested, the right to payment is not subject to any conditions on the award. Id. A trial court cannot modify a lump-sum award, even if it is payable in installments over a fixed period. Id. (citation omitted). Conditions that terminate future installments defeat the finality that attaches to and distinguishes lump-sum awards. Id. Therefore, the South Dakota Supreme Court makes no distinction between lump-sum payable in gross or in installments. Id. (citing Saxvik v. Saxvik, 544 N.W.2d 177, 180 (S.D. 1996) ("[T]he sum is not modifiable even if it is payable in installments over a fixed period of time.")).

In accordance with Vandyke v. Choi, a lump sum alimony award is not modifiable whereas a permanent alimony award may contain conditions making it modifiable. 888 N.W.2d at 564. Debtor's Divorce Judgment incorporates by reference the terms and conditions of a certain Property Settlement Agreement ("Agreement"). Therefore, the Alimony Award is contained within a "Property Settlement Agreement" indicating at first blush, though not determinative in establishing the type of award, it is a property settlement and not an alimony award.

6

More importantly, the Agreement at paragraph 10 contains no modifications to the Alimony Award. It states the Alimony Award is "non-modifiable for any reason including but not limited to death or remarriage." It also defines the Alimony Award as "[l]ump sum spousal support." Therefore, in analyzing the nature of the award, the Court finds the Alimony Award is non-modifiable making it a "gross or lump sum" award.

In addition, the Alimony Award is paid at $2,400.00 per month, $1,500.00 per month, and $1,300.00 per month at various times under the Agreement. Every monthly amount in the Alimony Award exceeds the $750.00 per month maximum set forth in S.D.C.L. §43-45-2(9), so Debtor's Alimony Award does not meet either prong of the second requirement of S.D.C.L. §43-45-2(9).

Therefore, Debtor's interest in the Alimony Award is property of the bankruptcy estate and Debtor cannot exempt it under S.D.C.L. §43-45-2(9).

### III. Alimony subject to administration by the Trustee

The second issue before the Court is whether the Alimony Award is not subject to administration by the Trustee because it is personal, non-transferable, and non-assignable. Debtor argues if the Court finds any portion of the Alimony Award to be property of the estate, South Dakota law and federal precedent guard the personal and non-transferable character of alimony. The Trustee argues the Alimony Award is property of the estate, and Debtor, having exempted none of it, is required to turn all of it over to the Trustee.

Debtor, relying on Jasper v. Smith, 540 N.W.2d 399, 403 (S.D. 1995), argues the South Dakota Supreme Court intended alimony to be for personal support, not an assignable or liquidated asset. Additionally, Debtor believes Jasper determined that liens and turnover rights are limited by the personal, equitable nature of support obligations. As addressed above, the court in Jasper found nothing in its "review of the constitution, statutes, and case law of [South Dakota] . . . which would prohibit an attorney's lien against an award of alimony[.]" Id. The court held "an

7

attorney's lien against an alimony award does not violate the public policy of this state[.]" Id. at 404.  In addition, the South Dakota Supreme Court expressly rejected public policy as a basis to protect alimony from at least certain kinds of creditors. In re Mehlhaff, 491 B.R. at 904 (citing Jasper, 540 N.W.2d at 403-04).  The Court concurs with the analyses in Mehlhaff and Jasper.  Therefore, if an award for alimony existed on the date the petition was filed, the alimony award is part of the bankruptcy estate and subject to turnover.

Additionally, Congress has provided a specific exemption for alimony payments. 11 U.S.C. §522(d)(10)(D).  In 2014, South Dakota also created a specific exemption for alimony payments. S.D.C.L. §43-45-2(9).  If alimony was not meant to be included as part of the bankruptcy estate, there would be no need for federal and state exemptions.

Debtor's Alimony Award is property of the estate pursuant to 11 U.S.C. §541(a)(1), Debtor cannot exempt it under S.D.C.L. §43-45-2(9) because it is a gross or lump sum and exceeds the maximum monthly dollar amount, and it must be turned over to the Trustee for administration, absent Debtor's right to timely amend and exempt the alimony under any remaining portion of her allowed exemption under S.D.C.L. §43-45-4.

## CONCLUSION

For the reasons stated herein, Trustee Meadors' motion shall be granted.  The Court will enter a separate order following the entry of this decision.

So ordered:  December 31, 2025.

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge